IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01355-PAB-MEH

DONNA L. SHIPLEY,

      Plaintiff,

v.

HARRISON SCHOOL DISTRICT NO. 2 IN THE COUNTY OF EL PASO, STATE OF COLORADO, and
F. MIKE MILES, in his individual capacity and in his official capacity as Superintendent of Harrison School District No. 2,

      Defendants.

## STIPULATION AND PROTECTIVE ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

      Each party and each Counsel of Record stipulate to a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined) as follows:

      1.    In this action, at least one of the Parties has sought and/or may seek Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests as well as the privacy interests of third parties who are not subject to this litigation. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein:

      2.    "Confidential Information" means any document, file, portions of files, transcribed

testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom-not made available to the public-and designated by one of the Parties in the manner provided in paragraph 3 below as containing Confidential Information, including but not limited to:

a.   Personnel files of other District employees.

In addition, any information designated by a party as confidential will first be reviewed by that party's lawyer who will certify that the designation as confidential is "based on a good faith belief that [the information] is confidential or otherwise entitled to protection" under Fed.R.Civ.P. 26(c)(7). See Gillard v. Boulder Valley Sch. Dist., 196 F.R.D. 382, 386 (D. Colo. 2000).

3.   Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

a.   By imprinting the word "Confidential" on the first page or cover of any document produced;

b.   By imprinting the word "Confidential" next to or above any response to a discovery request; and

c.   With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4.   All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

a.   It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

b.   It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the

form of Exhibit A has been signed.

5.  Individuals authorized to review Confidential Information pursuant to this Protective Order include, but are not limited to, (a) the Parties to this action and their undersigned counsel, (b) persons employed or associated with undersigned counsel whose assistance is utilized by said attorneys in the preparation for trial, at trial, or at other proceedings in this case; (c) any retained experts; and (d) other persons by written agreement of the parties. These authorized persons shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by Court order.

6.  The Party's counsel who discloses Confidential Information, including disclosure to a retained expert, shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed by obtaining and retaining the original affidavits signed by qualified recipients of Confidential Information, and maintaining a list of all persons to whom any Confidential Information is disclosed.

7.  During the pendency of this action, opposing counsel may upon Court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 6 above upon showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable to otherwise identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may request the Court disallow inspection, or allow inspection under terms and conditions deemed appropriate by the Court. The party requesting inspection of the list shall bear the burden of establishing substantial need.

8.  No copies of Confidential Information shall be made except by or on behalf of

counsel in this litigation for work product purposes, and for review by individuals listed in paragraph 5 above. Any such copies shall be made and used solely for purposes of this litigation.

9. During pendency of this litigation, counsel and other individuals listed in paragraph 5 above shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

10. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notices shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

11. In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCiv.R 7.2 and 7.3.

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information

pursuant to this Protective Order.

13.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.  Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

14.     Upon termination of this litigation, including any appeals, each Party's counsel shall continue to maintain confidentiality in the storage of any such records and/or destroy the confidential records.

15.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

16.     Nothing in this Stipulation and Protective Order shall be interpreted to preclude undersigned counsel from disclosing Confidential Information to deponents in depositions for the purpose of questioning the deponents about the Confidential Information; nor shall undersigned counsel be required to obtain affidavits from deponents to whom such Confidential Information is disclosed in depositions.  Either Party may designate those portions of depositions containing Confidential Information as provided for in Paragraphs 2 and 3 of this Stipulation and Protective Order.

17.     Nothing in this Stipulation and Protective Order shall be interpreted to require undersigned counsel to obtain affidavits from individuals employed in counsel's law firm/legal services office to whom Confidential Information is disclosed.

Dated and entered at Denver, Colorado, this 14th day of March, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

STIPULATED AND AGREED TO:

 s/ Sharyn E. Dreyer
Sharyn E. Dreyer
Colorado Education Association
1500 Grant Street
Denver, Colorado 80230
Tele: (303) 837-1500
Fax: (303) 861-2039
E-mail: sdreyer@coloradoea.org
Attorney for Plaintiff


 s/ Sonja S. McKenzie
Sonja S. McKenzie
Senter Goldfarb & Rice, LLC
1700 Broadway, Suite 1700
Denver, Colorado 80232
Tele: (303) 320-0509
Fax: (303) 320-0210
E-mail: smckenzie@sgrllc.com
Attorney for Defendant